**Karen L. KUESPERT; Max J. Kuespert, Plaintiffs–Appellants,**

v.

**DILLARD'S, INC., a Delaware Corporation, Defendant–Appellee.**

**No. 01–16536.**

**D.C. No. CV–99–1601–JAT.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2002.*

Decided Nov. 26, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

#### MEMORANDUM***

Karen and Max Kuespert appeal the district court's grant of summary judgment against them in their Title VII, 42 U.S.C. § 2000e, and Family Medical and Leave Act, 29 U.S.C. §§ 2601–2617, action against Karen Kuespert's former employer, Dillard's Inc.[1] We affirm.

(1) Kuespert did not make a prima facie showing of discrimination on account of her pregnancy under Title VII because she did not show that similarly situated non-pregnant employees were treated more favorably. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002). Moreover, she did not present other direct evidence of discrimination. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 272, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001); *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998); *Knickerbocker v. City of Stockton,* 81 F.3d 907, 912 (9th Cir.1996); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994). Furthermore, even if she did manage to spell out a bare bones prima facie case, she also failed to present sufficient evidence to show that Dillard's legitimate, nondiscriminatory reason for terminating her—suspicion of theft—was pretextual. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658–59 (9th Cir.2002); *Villiarimo,* 281 F.3d at 1062–63.[2]

(2) Kuespert's FMLA claim also fails because she has waived her right to argue that the district court applied the wrong standard[3] when it analyzed that claim. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992). Even if she had not waived the argument, she did not produce evidence sufficient to create an inference that her taking of pregnancy leave constituted a negative factor in the decision to terminate her. *See Bachelder,* 259 F.3d at 1125.

**AFFIRMED.**

---

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Max Kuespert's case relies on Karen Kuespert's case, this disposition will refer to her unless otherwise stated. What is said as to her case applies as to his also.

2. We note that our decision is not affected by *Costa v. Desert Palace, Inc.,* 299 F.3d 838 (9th Cir.2002) (en banc). Again, there is no evidence whatsoever that any discriminatory factor entered Dillard's decision making process. *Id.* at 857.

3. *Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1124–25 (9th Cir.2001).